IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>         v.<br><br>JUAN RAMON PICHARDO,<br><br>Defendant. | CRIMINAL NO. 06-188 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Juan Ramon Pichardo was charged in a one (1) count Indictment and has agreed to plead guilty to the only count under a straight plea. Count One charges that, on or about May 29, 2006, in the District of Puerto Rico and elsewhere and within the jurisdiction of this Court, the defendant herein, being an alien previously removed from the United States, attempted to re-enter the United States through the Public Pier at Mayaguez, Puerto Rico, without obtaining, prior to his reembarkation at a place outside the United States, the express consent from the Attorney General of the United states, or his successor, the Secretary of Homeland Security of the United States, acting through the Under Secretary for Border and Transportation Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, to reapply for admission into the United States.  Defendant's removal from the United States was subsequent to a conviction for the commission of an aggravated felony.  All in violation of Title 8, United States Code, Sections 1326(a)(2) and (b)(2).

Defendant appeared before this Magistrate Judge on March 13, 2007, since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

<u>United States v. Juan Ramón Pichardo</u>
Criminal No. 06-188(JAG)
Report and Recommendation
Page No. 2

    Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.[2]

    Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Attorney Rafael Andrade-Ravelo and Yasmín Irizarry[3], from the Federal Defender's Office, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and charges therein, his constitutional rights and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant is currently taking several medications for depression and his counsel indicated he has been diagnosed with bipolar disorder, depression and anxiety. Dr. Romey evaluated defendant and according to her evaluation he is competent to understand the judicial proceedings. Based on the above, defense counsel asserted that defendant is competent to understand this proceeding.

[3] AFPD Andrade is the attorney in charge of this case but, since he is currently in trial, he was substituted by AFPD Irizarry at the Rule 11 hearing.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Irizarry, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty. The penalty for the offense charged in Count One, of the Indictment is an imprisonment term of up to twenty (20) years, a fine of up to Two Hundred and Fifty Thousand Dollars ($250,000.00), and a term of supervised release of up to three (3) years, in addition to any term of incarceration, and a mandatory penalty assessment of One Hundred ($100) dollar, per count, to be deposited in the Crime Victim Fund.

Insofar as Count One as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

Defendant was specifically informed that any sentencing calculations he could have discussed with his counsel were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence. The government, defendant, and his counsel also expressed they are aware the Sentencing Guidelines are no longer mandatory and are thus, considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant indicated he agreed with the government's factual submission.

Having once more ascertained that defendant indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the applicable Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.

Defendant was read in open court the Indictment and positively stated that what was contained in Count One of the Indictment was what he had done and to which he was pleading guilty during these proceedings. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 06-188 (JAG).

United States v. Juan Ramón Pichardo
Criminal No. 06-188(JAG)
Report and Recommendation
Page No. 6

This Magistrate Judge after having explained to defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty under a straight plea, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 06-188 (JAG).

**IT IS SO RECOMMENDED.**

The sentence will be scheduled promptly before Honorable Jay A. Garcia-Gregory, District Court Judge.

San Juan, Puerto Rico, this 14th day of March of 2007.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE